IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN ROBERT DUNCAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00529 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JACK LEE, et al., | ) | By:  Hon. Thomas T. Cullen |
|     Defendants. | ) |        United States District Judge |

Plaintiff Jonathan Robert Duncan, a Virginia inmate proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, against Jack Lee, the Superintendent of Middle River Regional Jail ("Middle River"), as well as Officer Kane, Steve Piazza, and Eric Burton.[1] Duncan seeks leave to proceed in forma pauperis with this action. Having reviewed Duncan's amended complaint, the court grants his request to proceed in forma pauperis and concludes that Duncan fails to state a cognizable federal claim against the named defendants. Therefore, the court will dismiss Duncan's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Duncan alleges that on March 3, 2013, he was assaulted and tazed several times by unnamed Augusta County officers.[2] Duncan claims that he was subsequently taken to Middle River "without any medical attention," and that once he arrived there, he still did not receive any medical attention until a week later. Duncan seeks $12 million and "proper mental couns[e]ling."

---

[1] Duncan does not identify where Officer Kane, Steve Piazza, or Eric Burton work or what job positions they hold.

[2] Although he does not state it in his amended complaint, it appears from his original complaint that this alleged incident occurred when Duncan was turning himself in for arrest.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Claims of excessive force during a search or seizure, such as an arrest, are analyzed under the Fourth Amendment, which applies an objective "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 394-95 (1989). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995).

Despite being given the opportunity to amend his complaint, Duncan has not alleged sufficient facts for the court to determine that the use of force during his arrest was unreasonable or that any person was deliberately indifferent to his serious medical need. In fact, Duncan fails to allege any fact against any of the named defendants.

Duncan's complaint is also untimely. For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989); see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Duncan's claims of constitutional violations took place in Virginia and, therefore,

- 3 -

Virginia law concerning statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Duncan filed this action seven years after the events underlying his complaint. Accordingly, Duncan's § 1983 claims are also barred by the statute of limitations.

Accordingly, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**ENTERED** this 19th day of October, 2020.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE